UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTRY VISIONS, INC., a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>MIDSOUTH LLC, an Illinois corporation,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIM | No. 2:15-cv-01740-GEB-CKD<br><br>**STATUS (PRETRIAL SCHEDULING) ORDER** |

The status (pretrial scheduling) conference scheduled for hearing on November 9, 2015, is vacated since the parties' Joint Status Report filed on October 26, 2015 ("JSR") indicates the following Order should issue.

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

The parties "agree that the deadline for joinder of additional parties" and "for any amendment of pleadings be 90 days from the entry of the Court's scheduling order." (JSR 2:14-16, 2:18-20, ECF No. 18.)

Therefore, the parties have until February 5, 2016, to file a motion in which leave is sought under Federal Rule of Civil Procedure 15(a) to amend a pleading and/or join an additional party, after which time no further service, joinder of parties, or amendments and/or supplements to the pleadings will be permitted, except with leave of Court for good cause shown.

## ADDED PARTY'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If a party joins a party pursuant to the leave given above, a copy of this Order shall be served on that party concurrently with the service of process.

The newly added party has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments to this Order will be permitted, except with leave of Court for good cause shown.

## DISCOVERY

All discovery shall be completed by November 16, 2016. "Completed" means all discovery shall be conducted so that any dispute relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with on or before the prescribed "completion" date.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before June 15, 2016, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before July 15, 2016.

## MOTION HEARING SCHEDULE

The last hearing date for a motion is January 23, 2017, commencing at 9:00 a.m. Any motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is scheduled to commence at 1:30 p.m. on March 13, 2017. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. **The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each claim/defense is based.** Furthermore, each party shall estimate the length of trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

3

1    Final pretrial procedures are "critical for 'promoting
2 efficiency and conserving judicial resources by identifying the
3 real issues prior to trial, thereby saving time and expense for
4 everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc.,
5 606 F.3d 494, 498 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16
6 Advisory Committee Note (1983 Amendment to subdivision (c)).
7 "Toward that end, Rule 16 directs courts to use pretrial
8 conferences to weed out unmeritorious claims and defenses before
9 trial begins." Smith v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir.
10 1993). The parties are therefore provided notice that a claim or
11 affirmative defense may be dismissed *sua sponte* if it is not
12 shown to be triable in the joint final pretrial statement. Cf.
13 Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662
14 F.2d 641, 645 (9th Cir. 1981) (indicating that a party shall be
15 provided notice and an opportunity to respond with facts
16 sufficient to justify having a claim or affirmative defense
17 proceed to trial); Portsmouth Square, Inc. v. S'holders
18 Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985) (stating "the
19 district court has . . . authority to grant summary judgment *sua*
20 *sponte* in the context of a final pretrial conference").

21    If feasible, at the time of filing the joint pretrial
22 statement counsel shall also email it in a format compatible with
23 Microsoft Word to: geborders@caed.uscourts.gov.

24                    SETTLEMENT CONFERENCE

25    The parties state in the JSR that they "agree to the
26 scheduling of a settlement conference." (JSR 4:22.) Accordingly,
27 the parties are hereby authorized to contact the courtroom deputy
28 assigned to a magistrate judge for the purpose of attempting to

                                4

schedule a settlement conference at a mutually convenient date and time.

### TRIAL SETTING

Trial shall commence at 9:00 a.m. on June 20, 2017.

IT IS SO ORDERED.

Dated: November 5, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge