UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. NORTH BEACH, INC., an Illinois corporation<br><br>Plaintiff,<br><br>v.<br><br>COUNTRY VISIONS, INC., a California corporation, and KENNETH PETERSEN,<br><br>Defendants. | No. 2:15-cv-02014-TLN-CKD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE** |
| COUNTRY VISIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIDSOUTH LLC, an Illinois corporation,<br><br>Defendant. | No. 2:15-cv-01740-TLN-CKD |

This matter is before the Court on Plaintiff R. North Beach, Inc.'s Motion to Consolidate Case No. 2:15-cv-02014-TLN-CKD and Case No. 2:15-cv-01740-TLN-CKD. (ECF No. 26-1.) Defendants Country Visions, Inc. and Kenneth Petersen filed an opposition to Plaintiff's Motion to Consolidate. (ECF No. 30.) Plaintiff filed a reply to the opposition in which Plaintiff also

1

requests sanctions. (ECF No. 31.) Having carefully considered the briefing by both parties, the Court GRANTS Plaintiff's Motion to Consolidate (ECF No. 26-1) and DENIES Plaintiff's request for sanctions (ECF No. 31).

## I. MOTION TO CONSOLIDATE

Plaintiff requests the Court consolidate solely for discovery purposes Case No. 2:15-cv-02014-TLN-CKD and Case No. 2:15-cv-01740-TLN-CKD. (ECF No. 26-1 at 7–8.) Defendants do not oppose consolidation for discovery purposes only. (ECF No. 30 at 2.) However, Defendants oppose Plantiff's motion insofar as it seeks to consolidate cases for trial or other proceedings. (ECF No. 30 at 2.)

Federal Rule of Civil Procedure 42 provides "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." "The consolidation may be for all purposes or for limited purposes." Fed. R. Civ. P. Commentary, R. 42. The Ninth Circuit held that district courts have broad discretion under Rule 42 to consolidate cases. *Inv'rs Research Co. v. U.S. Dist. Court for Cen. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). Courts have interpreted the broad discretion to permit consolidation for the purposes of discovery only. *Lewis v. City of Fresno*, No. CV-F-08-1062 OWW/GSA, 2009 WL 1948918, at *3 (E.D. Cal. July 2, 2009) (consolidating for the purposes of discovery while deferring the decision on trial consolidation).

This Court has the discretion to consolidate for a limited purpose such as discovery. The Court notes that Plaintiff provided an ample list of reasons that separate discovery would be duplicative and Defendants do not dispute these reasons. (ECF No. 26-1 at 7–8.) Thus, Plaintiff's Motion to Consolidate Case No. 2:15-cv-02014-TLN-CKD and Case No. 2:15-cv-01740-TLN-CKD is hereby GRANTED for the sole purpose of discovery.

## II. REQUEST FOR SANCTIONS

Plaintiff further requests sanctions against Defendants for unnecessarily delaying in agreeing to consolidate the two cases. (ECF No. 31 at 2–3.) Plaintiff asserts Defendants could have agreed to consolidation weeks earlier instead of waiting for the opposition deadline the Court imposed. (ECF No. 31 at 3.) Defendants filed a separate Motion to Strike Plaintiff's

Request for Sanctions in Reply Brief or in the Alternative Motion for Leave to File Sur-Reply. (ECF No. 34.)  Defendants argue that the request for sanctions was improperly brought in the Reply to Defendants' Opposition.  (ECF No. 34 at 1.)

Plaintiff requests sanctions under 28 U.S.C.A. § 1927.  (ECF No. 31 at 2.)  Under 28 U.S.C.A. § 1927, a court may require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" to pay costs, expenses or attorney's fees.  Sanctions awarded under § 1927 must be based upon a finding that the attorney knowingly and recklessly advanced a frivolous position for the purposes of harassing the opposing party.  *Salstrom v. Citicorp Credit Serv., Inc.*, 74 F.3d 183, 184–85 (9th Cir. 1996).  "Where both sides' actions serve to delay the litigation and waste time, even justifiable sanctions under section 1927 may be denied." *Gallagher v. England*, No. CIV-F-05-0750 AWI SMS, 2007 WL 1775473, at *2 (E.D. Cal. June 20, 2007).

The Court finds Plaintiff's request for sanctions meritless.  Plaintiff argues a delay from April 20, 2016, to May 25, 2016, is sufficient to rise to the level of unreasonable or vexatious.  (ECF No. 31 at 2–3.)  However, Plaintiff presents no evidence to suggest that during that period Defendants purposefully delayed in order to harass Plaintiff.  In fact, Plaintiff states during some of that period Defendant Petersen was traveling, supporting a finding that Defendants did not purposefully delay.  Similarly, Plaintiff's concern that Defendants delayed in order to deny the consolidation is unsupported, especially considering Defendants do not oppose consolidation.  Additionally, the Court notes Plaintiff by its own admission also delayed the proceedings by waiting to file its motion to consolidate until June 23, 2016, after Defendants had failed to agree to informal requests to consolidate which were made between April 20, 2016, and May 25, 2016.  The Plaintiff's arguments are meritless and the Court hereby DENIES Plaintiff's requests for sanctions.  Defendants Motion to Strike is hereby DENIED as MOOT.

The Court further notes that motions for sanctions must afford the opposing party notice and a chance to reply.  Plaintiffs are admonished to remember this in the future.

//

//

### III.     CONCLUSION

The Court hereby GRANTS Plaintiff's Motion to Consolidate Case No. 2:15-cv-02014-TLN-CKD and Case No. 2:15-cv-01740-TLN-CKD for the sole purpose of discovery.  The Court orders the Court Clerk to make a note of the consolidation on the docket for discovery only.  Furthermore, the Court will consider the dates proposed by the parties in their Joint Status Report (ECF No. 23) and will issue a scheduling order shortly.  Lastly, the Court DENIES Plaintiff's request for sanctions and DENIES Defendants' Motion to Strike as MOOT.

IT IS SO ORDERED.

Dated: September 26, 2016

Troy L. Nunley
United States District Judge